WHITNEY *v.* NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONN.

INSURANCE—MORTGAGES—LOSS PAYABLE CLAUSE—REFORMATION OF INSTRUMENTS.

> Mortgagees who, pursuant to provision of mortgage permitting them to effect fire insurance, sought sufficient coverage to protect their mortgage interest from defendant's agent, but policy delivered contained a ''loss payable'' clause under which insurer claimed no liability to mortgagees unless and until loss was adjusted with the mortgagors, *held*, entitled to reformation of policy to accord with understanding with agent, where amount of loss is not in dispute and mortgagors stipulated entire proceeds of policy belonged to plaintiffs and that settlement was to be made with them.

Appeal from Hillsdale; Taylor (Mark D.), J. Submitted October 22, 1940. (Docket No. 133, Calendar No. 41,250.) Decided January 6, 1941. Rehearing denied April 11, 1941.

Bill by Fred L. Whitney and Russell L. Bowen against National Fire Insurance Company of Hartford, Connecticut, and others for reformation of a fire insurance policy and for a money decree. Bill dismissed. Plaintiffs appeal. Reversed for entry of decree for plaintiffs.

*Albert W. Dimmers, Jr.,* and *Kenneth W. Huggett,* for plaintiffs.

*Smith, Strawhecker & Wetmore (Laurence W. Smith* and *Laurence D. Smith,* of counsel), for defendant.

BOYLES, J. This is a bill of complaint in equity for reformation of a fire insurance policy on the ground of mutual mistake, and for money decree. The circuit judge dismissed the bill on the ground that there was no mutual mistake and that plaintiffs were negligent in failing to read their policy.

In February, 1937, defendants Vandy and Laura Davidson gave plaintiffs a mortgage for $477.75 on a house and lot owned by defendants in Hillsdale county. The mortgage contained an insurance clause providing that the mortgagors would keep the mortgage interest of plaintiffs insured against loss and damage by fire in amount and manner approved by plaintiffs; and in default thereof plaintiffs might effect such insurance, the premium to be a lien on the premises. The Davidsons not having procured such insurance, on March 27th plaintiffs went to see one Aukerman, local agent for the

defendant insurance company. Called by plaintiffs as a witness under the statute,* he testified:

"I have been in the insurance business for some time. I am an agent for the National Fire Insurance Company of Hartford, Connecticut, and was agent during 1937. I write the applications and send the applications to the company, and they write the policy. These policies are countersigned by me when they come back. When the policy comes back, I deliver it to the party that takes it out. I recall an occasion in March, 1937, when Fred Whitney and Russell Bowen came in to see me with reference to the issuance of a fire policy. They told me they had a mortgage on the property known as the Vandy Davidson property in Montgomery, and they wished to have me issue a policy to them, protecting the mortgage interest. I told them that I could take care of that. I wrote to the National Fire Insurance Company and told them I wanted a fire insurance policy to protect the interest of Fred Whitney and Russell Bowen. Later I received a policy and countersigned it as agent. I delivered it to Mr. Whitney when it came back. I did not read the policy over before I delivered it to him. It was my intention to adequately protect the mortgage interest of Mr. Bowen and Mr. Whitney. Mr. Whitney paid the insurance premium. I did not see Mr. Davidson at all."

The premium was paid by plaintiffs. The Davidsons had nothing whatever to do with obtaining the policy.

The contention arises over a "loss payable" clause in the policy. The company refuses to adjust or pay the loss to plaintiffs, claiming that it must deal first with the Davidsons. In that regard, the company's agent further testified as follows:

---

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—Reporter.

"I didn't know until you called my attention to it after the loss of the fire that loss payable clause No. 1, Form 111, Uniform Standard Michigan, was the loss payable clause that was attached to this policy. As I stated, I wanted Whitney and Bowen protected, but as to which clause they would use or should use, I didn't know. Which clause they should use, the loss payable clause or the mortgage clause. I wanted a clause that Whitney and Bowen would be protected. * * *

"They told me they wanted a mortgage clause to run to them as mortgagees and that they wanted an insurance clause to protect their interest."

Plaintiff Whitney testified:

"I went to Clint Aukerman of Montgomery to secure a policy of insurance. I guess it was the same day we got the mortgage. We told them we wanted some insurance on it. I said we had a mortgage on the property and we would like some insurance to protect our interest in the property."

Plaintiff Bowen testified to the same effect.

The policy contained the following clause:

"Loss, if any, to be adjusted only with the insured named herein and payable to the insured and Fred L. Whitney and Russell L. Bowen, as their respective interests may appear, subject, nevertheless, to all the terms and conditions of the policy."

The mortgage has not been paid. The house was destroyed by fire February 13, 1938, a total loss conceded to be at least equal to the amount of the policy. The company was promptly notified, an adjuster appeared, inspected the loss, and the company refused to pay plaintiffs or adjust the loss with anyone but the Davidsons. The Davidsons could not be located and, in August, plaintiffs filed this bill of complaint for reformation of the contract, and for $500 money

decree. Substituted service by publication was obtained upon the Davidsons as defendants and they were regularly defaulted. Later on, several months before the case was tried, the Davidsons were located. A stipulation was signed by them and filed in the cause. It is as follows:

"STATE OF MICHIGAN
"In the Circuit Court for the County of
Hillsdale, In Chancery.
"Fred L. Whitney et al.,
                    Plaintiff,
        v.
"Vandy Davidson and
    Laura Davidson, and
    National Fire Insurance
    Company,
                    Defendants.

"We, Vandy Davidson and Laura Davidson, two of the above-named defendants, hereby acknowledge, receipt of summons in said cause and state that default may be entered against us without further notice and state that any and all proceeds from the policy of insurance the subject matter of dispute do belong to Fred L. Whitney and Russell Bowen, and all our interest in said policy is hereby assigned to them, granting to them full power to receipt for the proceeds therefrom and further state that it was always our understanding that Fred Whitney and Russell Bowen were the only ones with whom the company was to make settlement, and supposed the policy so provided.

(Signed) "Vandy Davidson,
(Signed) "Mrs. Laura Davidson.
"Witnessed by:
    "Chas. Weston,
    "Frederic J. Marshall.'

Defendants did not offer any testimony. The undisputed testimony establishes a definite understand-

ing between plaintiffs and the insurance company's agent to the effect that their interest in the property was to be protected in case of loss by fire. What they received was a policy with a "loss payable" clause under which the company claims no liability to plaintiffs unless and until the loss is adjusted with the Davidsons. Failure to locate the Davidsons, or their neglect or refusal to adjust the loss, would thus deprive plaintiffs of the protection they were to get. The amount of the loss is not in dispute. Plaintiffs are entitled to the protection agreed upon between them and the company's agent. To hold otherwise would mean that the company might escape its liability entirely.

If any further indication of plaintiffs' right to equitable relief should be necessary, it is found in the stipulation signed by defendants Vandy and Laura Davidson and filed in the cause. The company had ample notice of this stipulation. It takes the Davidsons out of the controversy and leaves it a matter of equity between plaintiffs and the company. Plaintiffs should not be deprived of relief in equity by reason of their failure to read the policy. They acted with diligence after learning that the company refused to deal with them. The policy provided that the loss should be "payable to the insured and Fred L. Whitney and Russell L. Bowen, as their respective interests may appear." It is conceded that the company knew they were interested as mortgagees. Where there was a total loss, exceeding the amount of the policy, the mortgagees should be entitled to payment. There was a mutual mistake as to the effect of the policy which plaintiffs received. If equity cannot afford relief from a mutual mistake as to the terms of a written contract, there would be no reformation of any contract, such as equity demands.

Reversed for entry of a decree reforming the policy and a money decree for $500 to plaintiffs, with costs.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.